**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ILDEFONSO HERRERA, | ) NO. ED CV 14-1340-E |
| Plaintiff, | ) |
| v. | ) OPINION AND ORDER RE: "COUNSEL'S |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) MOTION FOR ATTORNEY FEES |
| Defendant. | ) PURSUANT TO 42 U.S.C. SECTION |
| | ) 406(b)" |

On December 3, 2018, counsel for Plaintiff filed a "Motion for Attorney Fees Pursuant to 42 U.S.C. 406(b)" ("the Motion"). On December 20, 2018, Defendant filed a Response to the Motion. On December 21, 2018, Plaintiff filed a "Motion for Attorney Fess [sic] of Bill LaTour that I Disagree With," which the Court construes as Plaintiff's opposition to the Motion. The Court has taken the Motion under submission without oral argument.

///
///
///
///

**BACKGROUND**

The Court previously remanded this matter to the Commissioner for further administrative action. The Commissioner subsequently awarded benefits to Plaintiff, and the Commissioner withheld some of these benefits for the payment of attorneys fees. Although counsel for Plaintiff received notice of this award and withholding no later than September 16, 2016 (see Ex. 10 to Motion), counsel did not file the Motion until more than two years later. The Motion seeks attorneys fees under section 406(b) in the amount of $21,646.00.

Counsel represented Plaintiff under contingent fee agreements providing for fees in the amount of 25 percent of past-due benefits for work done before the Commissioner and separate fees in the amount of 25 percent of past-due benefits for work done before the Court (Exhs. 1B and 4 to Motion). Counsel already has been awarded $6,000.00 under section 406(a) for work done before the Commissioner. Counsel also already has been awarded $3,400.00 in fees paid by the Government under the Equal Access to Justice Act ("EAJA").

**APPLICABLE LAW**

Section 406(b)(1) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of

>        25 percent of the total of the past-due benefits to which
>        the claimant is entitled. . . .  In case of any such
>        judgment, no other fee may be payable . . . for such
>        representation except as provided in this paragraph.  42
>        U.S.C. § 406(b)(1)(A).

Id.; see also Crawford v. Astrue, 586 F.3d 1142, 1144 n.3, 1147 (9th Cir. 2009) (noting that section 406(b) fees are paid by the claimant out of past-due benefits and that a court-awarded fee is the "only way" a successful attorney may recover fees for work performed before the district court; where a district court awards fees under the EAJA, the claimant's attorney must refund to the claimant the amount of the smaller fee) (citations and quotations omitted).

>        According to the United States Supreme Court, section 406(b)
>        does not displace contingent-fee agreements as the primary
>        means by which fees are set for successfully representing
>        Social Security benefits claimants in court.  Rather,
>        § 406(b) calls for court review of such arrangements as an
>        independent check, to assure that they yield reasonable
>        results in particular cases.  Congress has provided one
>        boundary line:  Agreements are unenforceable to the extent
>        that they provide for fees exceeding 25 percent of the past-
>        due benefits.  Within this 25 percent boundary . . . the
>        attorney for the successful claimant must show that the fee
>        sought is reasonable for the services rendered.  Gisbrecht
>        v. Barnhart, 535 U.S. 789, 807 (2002) (citations omitted)

("Gisbrecht").

The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement." Id. at 808. The Court appropriately may reduce counsel's recovery

> based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

Id. (citations omitted).

Section 406(b) does not specify a time limit within which counsel must file a motion for attorneys fees. The judgment in Plaintiff's case, like other sentence four[1] remand judgments, did not (and could not) address the issue of attorneys fees. At the time a court remands a case for further administrative proceedings, there ordinarily has been no determination that the claimant is entitled to past-due

---

[1] See 42 U.S.C. § 405(g) ("sentence four" states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

benefits from which any section 406(b) fees would be paid. Such a determination usually occurs, if at all, only when the further administrative proceedings later culminate in a Notice of Award of past-due benefits. Accordingly, the common practice in this district has been for counsel to file a motion for section 406(b) fees at some indeterminate time after counsel has received a Notice of Award.

The Ninth Circuit has not addressed the timeliness of section 406(b) motions. Some Circuit courts addressing this issue have applied Federal Rule of Civil Procedure 54(d)(2) to find that the motion generally must be made within 14 days after the entry of judgment. See, e.g., Pierce v. Barnhart, 440 F.3d 657, 663-64 (5th Cir. 2006); Bergen v. Commissioner of Social Sec., 454 F.3d 1273, 1277 (11th Cir. 2006); see also Walker v. Astrue, 593 F.3d 274, 276, 279-80 (3d Cir. 2010) (construing Rule 54 to permit the 14 day deadline to be equitably tolled until notification of the Notice of Award, thereby "prevent[ing] the absurd outcome inherent in applying a deadline that cannot be met"). By contrast, the Tenth Circuit has applied Federal Rule of Civil Procedure 60(b)(6) to find that the motion may be made at any "reasonable time" after receipt of the Notice of Award. See McGraw v. Barnhart, 450 F.3d 493, 504-05 (10th Cir. 2006) (appearing to deem the 14-day deadline under Rule 54 impractical and relying instead on Rule 60 as a "grand reservoir of equitable power"); see also Smith v. Bowen, 815 F.2d 1152, 1156 (7th Cir. 1987) (per curiam) (applying "reasonable time" standard before Rule 54 was amended to prescribe a 14-day deadline).
///
///

The District of Oregon has adopted a local rule specifying a time limit of 60 days from the receipt of the Notice of Award, absent a showing of good cause for further delay. See D. Or. L.R. 4000-8; Keen v. Commissioner Social Security Admin., 2015 WL 5354363 (D. Or. Sept. 9, 2015); see generally Matthew Albanese, Essay, *Reasonably Untimely: The Difficulty of Knowing When to File a Claim for Attorney's Fees in Social Security Disability Cases, And an Administrative Solution*, 78 Geo. Wash. L. Rev. 1014 (2010) (suggesting that a local rule provides the best vehicle to address timeliness).

Courts in the Northern District of California have adopted the Tenth Circuit's "reasonable time" standard. See Scharlatt v. Astrue, 2008 WL 5000531 (N.D. Cal. Nov. 21, 2008) (approving year and a half delay as reasonable where counsel claimed that his practice was to rely on a "closeout notice" from the Commissioner before filing a petition for attorneys fees, and no such notice had been provided; also stating, however, that the Court "would not likely be persuaded by this excuse for a similar oversight" in the future); see also Zutis v. Colvin, 2015 WL 3766811 (N.D. Cal. June 16, 2015) (finding "slight" delay of seven months reasonable where the delay had not affected the claimant or caused any undue burden); Sizelove v. Astrue, 2012 WL 3672393 (N.D. Cal. Aug. 24, 2012) (finding almost two year delay "reasonable" where counsel explained that the delay was due to the departure of the calendaring staff from his firm and the subsequent loss of the documents related to the claimant's case). In Scharlatt, the court reduced the fee awarded to counsel, finding that counsel's delay had prejudiced the claimant. See Scharlatt v. Astrue, 2008 WL 5000531 at *6 (awarding fee reduced by an amount equal to the interest

on the remaining money owed to the claimant, beginning 60 days after the date of the Notice of Award and continuing through the date counsel filed the fee motion).

**DISCUSSION**

Apart from the timeliness issue, discussed further infra, the Court finds that a fee award would be appropriate in the present case. The fee sought does not exceed the agreed-upon 25 percent of past-due benefits. Neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought. Plaintiff's counsel was not responsible for any significant delay in securing an award of past-due benefits. Because the present case is legally indistinguishable from Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009), this Court is unable to find that a comparison of the benefits secured and the time Plaintiff's counsel spent on the matter suggests the unreasonableness of the fee sought. Therefore, the Court concludes that "the fee sought is reasonable for the services rendered," within the meaning of Gisbrecht.

Contrary to the apparent argument in Plaintiff's opposition, the payment to counsel of $6,000.00 in fees under section 406(a) does not affect counsel's entitlement to fees under section 406(b). See Culbertson v. Berryhill, 2019 WL 122163 (U.S. Jan. 8, 2019); see also Ex. 4 to Motion at paragraph 2 (agreement signed by Plaintiff explaining that separate fees potentially would be owing for attorney work done before the Commissioner and attorney work done before the Court). Nor is counsel's entitlement affected by any of the other

matters discussed in the opposition. In particular, counsel's alleged failure to perform additional work does not disentitle counsel from receiving agreed-upon fees for the work counsel did perform.

Plaintiff has not specifically objected to the Motion on the ground of alleged untimeliness. Defendant references the timeliness issue, but may lack standing to raise a timelessness objection. Defendant's limited role in section 406(b) issues as contemplated in Gisbrecht may not extend to the assertion of strictly technical, procedural objections a claimant chooses not to raise -- objections essentially unrelated to the fairness of the distribution. See Gisbrecht, 535 U.S. at 798 n.6 (describing the Commissioner's role as a "trustee," citing with approval Lewis v. Secretary, 707 F.2d 246, 248 (6th Cir. 1983) (Commissioner "retains an interest in the fair distribution of monies withheld for attorney's fees") (citations and quotations omitted)); but see Reer v. Astrue, 2010 WL 2927255, at *2 (D. Me. July 20, 2010), aff'd, 2010 WL 3168266 (D. Me. Aug. 10, 2010) ("it is entirely appropriate for the Commissioner or the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed").

Under the circumstances presented, this Court has decided to consider the timeliness of the Motion sua sponte, if not at the invitation of Defendant. After due consideration, the Court finds insufficient cause to deny the Motion in whole as untimely. The Court so finds in light of the contingent fee agreement, the lack of any controlling Ninth Circuit authority, the lack of any applicable local rule, the conflicting, unconvincing case authority in other

jurisdictions, and, most significantly, considerations of fairness and equity. There has been no prejudice to the Government from the delays by Plaintiff's counsel. Nor does it appear that Plaintiff's counsel has benefitted from the delays. (To the contrary, the delays have denied counsel the benefit of receiving section 406(b) fees sooner). It does appear that counsel's delays have caused Plaintiff some slight prejudice. If counsel had filed the Motion sooner, Plaintiff would have received the $3,400.00 reimbursement of EAJA fees sooner. However, this slight prejudice can be remedied through a slight reduction in the award. Remediable prejudice does not equitably justify the complete denial of fees. Complete denial would upset the reasonable expectations of the parties to the contingent fee agreement and would represent an undeserved windfall to Plaintiff, as well as a correspondingly undeserved loss to counsel. This Court has the authority and the discretion to establish by "court order" the timeliness of the present Motion. See Fed. R. Civ. P. 54(d)(2)(B) (14-day deadline applies "[u]nless a statute or court order provides otherwise") (emphasis added); accord, Pierce v. Barnhart, 440 F.3d at 664 (district court's provision of essentially "no time limitations" for particular section 406(b) motion "was well within the court's discretion under Rule 54(d)"). Accordingly, the Court finds that the fee award should be reduced only by interest on $3,400.00, calculated at the statutory rate (see 28 U.S.C. § 1961) from September 30, 2016 (14 days after counsel reportedly received the Notice of Award) through December 3, 2018 (the date counsel filed the Motion). Thus, section 406(b) fees will be awarded in the amount of $21,646.00 (what remains of the withholding), less the interest now owing to Plaintiff.

///

**ORDER**

For the reasons discussed above, the Motion is timely, and section 406(b) fees are awarded in the amount of $21,646.00, less interest on $3,400.00 calculated at the statutory rate from September 30, 2016 through December 3, 2018. The Commissioner shall pay this amount to counsel (with the remainder to be paid to Plaintiff) from the funds still withheld by the Commissioner from Plaintiff's benefits.[2/] Counsel promptly shall reimburse Plaintiff in the amount of $3,400.00, previously paid by the Government under the EAJA.

IT IS SO ORDERED.

DATED: January 10, 2019.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2/] This Court need not (and cannot) address hypothetical issues regarding whether and how a claimant's attorney may recover fees when, because of the attorney's delays, the Commissioner no longer retains any withheld funds. Such issues are beyond the scope of the Motion and fail to satisfy the "case or controversy" jurisdictional requirement. See 28 U.S. Const. art. III, § 2.